By the Court.—Sedgwick, Ch. J.
I think there can be no doubt that the complaint sets out such facts as would be the foundation of two separate actions, one against each defendant. On a demui'rer of this kind, it is not a question as to whether the statement of facts is sufficient to show that the causes of action exist. Only the natures of the causes of action are to be considered. If there be no other consideration to be invoked, then, under secti'on 484 of the Code, the complaint is defective, because each cause of action does not affect both defendants.
But it must be apparent that this does not of itself necessarily decide the controversy. For there may be a narration in a complaint, which sets up causes of action severally, and yet may also show what may be called another or third cause of action, which is but a single cause, embracing the two other causes. Such pleading occurs generally in an action to enforce an equity remedy. A familiar example is a judgment creditor bringing an action to compel payment of his judgment out of property that has been conveyed, as alleged, in fraud of creditors, by separate transfers to some or all of the defendants severally. In such an instance, the plaintiff might proceed against the defendants severally, and it would appear on the face of the complaint that there were several causes of action. Tet in fact the complaint would set out but one cause of action, which would be the right to pursue the whole of the debtor’s property as a totality, and the *371 several transferees, as claiming parts of the whole, would be competently made defendants to allow the plaintiff’s remedy to be enforced.
It must then be asked, what remedy beside the two causes of action just alluded to, does the plaintiff claim, which embraces the two, or to enforce which completely, it will be necessary or important to plaintiff to enforce the two.
Looking first at the claim against the bank, it will not be necessary to enlarge the proposition that all of the plaintiff’s right as against it could be fully enforced without the presence of the gas company as a defendant. The gas company is not averred to have or claim any interest which, if setup, would appear to affect the plaintiff’s claim that the bank should deliver up the certificates.
The next basis for an equitable single cause of action to be examined is the plaintiff’s claim against the gas company. What is that claim ? The complaint states, that the bank is in possession of the certificates of shares, and claims to be the holder of them, through transfers to which plaintiff’s name had been placed, by forgery, and has claimed to the gas company “ that by reason of the said papers, the said stock has been duly assigned to it, and that it is the holder thereof.” The complaint then avers: that “in consequence, the defendant, The Municipal Gas Light Company of New York, has refused to recognize the plaintiff as the owner of the said shares of stock.” It is very important to discover what fact is pleaded in the phrase, “has refused to recognize.” The complaint does not aver that the gas company has transferred to the bank upon its books the shares, or has declared any dividend to shareholders, or has even threatened to transfer to the bank. These things, not being pleaded, are presumed not to exist. If the plaintiff claimed against the defendant gas company, that it had transferred the shares to the bank, and that it should replace them in the name of the plaintiff, it might plausibly be argued that the bank could be made a party as an *372 adverse claimant. . Such is not this case. The refusal to recognize, &c., can amount to nothing more than the expression of what may be called a judgment of the gas company, as to the rights of plaintiff. As there is no demurrer to the sufficiency of this as a statement of the cause of action, the question is not whether there can be judgment for it, but it is whether the claim of the bank, as set up in the complaint, has any relation to the position of the gas company, which would deprive the plaintiff of the advantages of the judgment he claims against thé company. It does not seem to have any relation. It seems that the refusal to recognize was the consequence of the bank making the claim set out in the complaint, upon certain assertions of fact, in the nature of evidence ; but that would be immaterial to the plaintiff obtaining judgment for a recognition, if the plaintiff could furnish sufficient evidence that the assertions of fact were untrue. The plaintiff could enjoy such a judgment to every extent, and the claim of the bank would not be an incumbrance upon it, or impair or diminish its advantages. It could be obtained with the certificate in the hands of the bank ; for on the pleadings it is still plaintiff’s property, and the apparent assignment upon it is really a nullity. I do not, therefore, see that the claim against the bank has any connection with that against the gas company.
Nor do I perceive in the complaint any claim of the plaintiff of which the several claims against the defendants are parts or branches. So far as it may be the right to obtain a delivery of the certificate from the bank, the refusal of the gas company to recognize the plaintiff is immaterial. There is no claim to obtain title or possession of which it is averred the plaintiff has been wrongfully deprived. The complaint shows that both are perfect in plaintiff. The claims are several in their nature, and have no bearing upon a common subject-matter, unless it be that of possession or title, and for neither of these is the action brought. I am of opinion that the case was correctly decided below.
*373 Judgments and orders appealed from affirmed, with costs.
Van Vorst and Freedman, JJ., concurred.